UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL ALMAZO, AYRTON GUERRERO, KELLY LUNA, and EVA LEAL-RUTTEN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>44 STREET F&B LLC d/b/a THE LAMBS CLUB, THE GRAND TOUR COLLECTION LLC d/b/a THE LAMBS CLUB, CHRIS MILLER, and JACK LOGUE,<br><br>Defendants. | Case No.: 1:24-cv-00096 (JPO) |

### AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On April 4, 2025, Plaintiffs Miguel Almazo, Ayrton Guerrero, Kelly Luna, and Eva Leal-Rutten (together, the "Plaintiffs"), with the consent of Defendants 44 Street F&B LLC d/b/a The Lambs Club, The Grand Tour Collection LLC d/b/a The Lambs Club, Chris Miller, and Jack Logue (together, the "Defendants") (together with Plaintiffs, the "Parties"), filed their motion for preliminary approval of a settlement between the Parties. In doing so, the Parties requested certification of a Fed. R. Civ. P. 23 ("Rule 23") class action and certification of an FLSA collective action, for settlement purposes only, and sought approval of a settlement on behalf of these putative class members ("Class Members"). The Court has considered the Parties' request for approval of a Rule 23 class pursuant to Rule 23(e) and collective certification for settlement purposes only, and the Settlement Agreement, filed in its final form on April 4, 2025, with its attached exhibits, and the Declaration of Innessa M. Huot ("Huot Decl."), filed on April 4, 2025, and hereby finds and orders as follows:

**I.      Preliminary Approval of Settlement**

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement and Release ("Settlement Agreement"), filed on April 4, 2025.

2. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the Class is appropriate.

3. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well versed in the prosecution of wage and hour class actions.

4. The Court grants the Parties' motion for preliminary approval of the Settlement Agreement, Certification of the Settlement Class, Appointment of Class Counsel, and Approval of Plaintiffs' Notice of Settlement.

**II.     Certification of the Proposed Class and Collective for Settlement Purposes Only**

5. Preliminary approval of the Settlement, class and collective certification for settlement purposes, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all Class Members are notified of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing.

6. Pursuant to Rule 23(e), the Court certifies, for settlement purposes only, a Rule 23 class consisting of Plaintiffs and all current and former tipped, food service employees who worked for Defendants between May 22, 2017 through March 12, 2025 and who do not opt-out of the Action.

7. For settlement purposes only, the Court also grants final certification of the FLSA

collective action consisting of all current and former tipped, food service employees who worked for Defendants between May 22, 2017 through March 12, 2025.

8. The Court appoints, for settlement purposes only, Plaintiffs Miguel Almazo, Ayrton Guerrero, Kelly Luna, and Eva Leal-Rutten to represent the Class and finds that Plaintiffs meet all the requirements for class certification under Rule 23(a) and (b)(3).

### III. Appointment of Plaintiff's Counsel as Class Counsel

9. For settlement purposes only, the Court appoints the following firm as Class Counsel because they meet all of the requirements under Rule 23(g):

> Innessa M. Huot, Esq
> Shawn R. Clark, Esq.
> FARUQI & FARUQI, LLP
> 685 Third Avenue, 26th Floor
> New York, NY 10017
> Telephone: (212) 983-9330
> Facsimile: (212) 983-9331
> Emails: ihuot@faruqilaw.com
> sclark@faruqilaw.com

10. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class's claims.

11. Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law.

12. The work Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class's interests.

### IV. Notice

13. The Court finds that the procedures for notifying the Rule 23 Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the

circumstances and therefore meet the requirements of due process, and directs mailing of the Settlement Notice in accordance with the Settlement Agreement.

14. The Court approves, as to form and content, the Settlement Notice, attached to the Huot Decl. as Exhibit B.

15. The Proposed Notice satisfies Rule 23(c)(2)(B) and adequately describes what the case is about, the definition of the Class, options that Class Members have, including participation in the Settlement, opting out and objecting, the release of claims, and how to obtain additional information. The proposed Settlement Notice also describes the terms of the Settlement, the potential payment of attorneys' fees as well as the service awards, and provides specific information regarding the date, time, and place of the final approval hearing.

16. The Settlement Administrator is authorized to mail those documents in substantially the form approved, after they are updated with the appropriate dates, deadlines, and amounts, consistent with the Settlement Agreement and this Order, to the applicable Class Members as provided in the Settlement Agreement.

17. Any written objection to the Settlement by a Class Member who has not opted-out must be received by the Settlement Administrator by the objection deadline and shall then be filed with this Court within three (3) days after the end of the opt-out period.

## V. Class Action Settlement Procedure

18. The Court hereby adopts the settlement approval process as set forth in the Settlement Agreement.

19. The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

20. The Court will conduct a telephonic Fairness Hearing, pursuant to Rule 23(e), on July 28, 2025 at 2:00 p.m. (at phone number (855) 244-8681; attendee

4

ID number 23128287066), for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the Settlement Agreement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and the Service Awards to Service Award Recipients; and (d) entering Judgment, if appropriate.  The Fairness Hearing may be continued without further notice to the Class Members.  Plaintiffs shall file their motion for final approval of the Settlement, and Class Counsel shall file their motion for attorneys' fees and litigation costs and expenses, and service awards within 85 days of this Order.

    21.    The following dates shall govern the schedule in this action:

| | |
|---|---|
| May 2, 2025 | Defendants' Counsel will provide the Class List to the Settlement Administrator and Class Counsel. |
| May 9, 2025 | Mailing of Settlement Notices. |
| 45 days after the Mailing of Settlement Notices | Last day for Class Members to submit written objections to the Settlement. |
| July 13, 2025 | The Settlement Administrator shall certify jointly and provide to Class Counsel and to Defendants' Counsel: (a) a list of all Class Members with their Individual Settlement Amounts; (b) a list of all Class Members who filed timely objections; and (c) a list of all Class Members who requested to opt-out of the Settlement at any time during the opt-out period and their estimated Individual Settlement Amounts |
| July 23, 2025 | Motion for Final Settlement Approval to be filed with the Court. |

| | |
|---|---|
| July 28, 2025<br>Phone Number: (855) 244-8681<br>Attendee ID Number: 23128287066 | Telephonic Fairness Hearing. |

**IT IS SO ORDERED.**

Dated: April 21, 2025
       New York, New York

                                                         J. PAUL OETKEN
                                            United States District Judge