UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL ALMAZO, AYRTON GUERRERO, KELLY LUNA, and EVA LEAL-RUTTEN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>44 STREET F&B LLC d/b/a THE LAMBS CLUB, THE GRAND TOUR COLLECTION LLC d/b/a THE LAMBS CLUB, CHRIS MILLER, and JACK LOGUE,<br><br>Defendants. | Civil Action No. 1:24-cv-00096 (JPO) |

**ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENT, CLASS CERTIFICATION, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARDS**

On July 23, 2025, Plaintiffs submitted to this Court Plaintiffs' Unopposed Motion for Final Approval of the Settlement and Award of Attorneys' Fees and Costs ("Motion for Final Approval"). Defendants did not oppose Plaintiffs' Motion for Final Approval or requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on July 28, 2025. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the supporting declarations, the oral argument presented at the July 28, 2025 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the July 28, 2025 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court finds that the settlement memorialized in the Settlement Agreement,

filed with the Court, is fair, reasonable, and adequate, and meets all requirements for final approval. The Court finds that the notice distributed to class and collective members (the "Class/Collective Notice") pursuant to the Amended Order Granting Preliminary Approval of Class and Collective Settlement constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

2. The Court grants Plaintiffs' Motion for Final Approval.

3. Pursuant to Federal Rules of Civil Procedure 23 ("FRCP 23"), the Court certifies, for settlement purposes only, a Class consisting of all current and former tipped, food service employees who worked for Defendants between May 22, 2017 through March 12, 2025.

4. These Class Members meet all of the requirements for class certification under FRCP 23.

5. The Court appoints Plaintiffs Miguel Almazo, Ayrton Guerrero, Kelly Luna, and Eva Leal-Rutten to represent the Class, finding that Plaintiffs meet all the requirements for class certification under FRCP 23(a) and (b)(3).

6. Plaintiffs undertook risk to serve their fellow tipped, food service employees and expended significant time and effort in the prosecution of the claims and securing the Settlement on behalf of the Class.

7. The Court finds that a service payment of $10,000 to each of Miguel Almazo, Ayrton Guerrero, Kelly Luna, and Eva Leal-Rutten is reasonable.

8. The Court likewise confirms as final the appointment of Innessa Huot and Shawn Clark of Faruqi & Faruqi, LLP as Class Counsel for the Class pursuant to FRCP 23, and for individuals who opted into the litigation pursuant to 29 U.S.C. § 216(b).

9. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class's claims. Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law. The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class's interests.

10. The Court grants Class Counsel's requested fees of $400,000.00 and reimbursement of litigation expenses of $10,000.00.

11. The Court approves the appointment of Analytics, LLC as the Settlement Administrator and approves the Parties' agreement to pay Analytics Consulting LLC its settlement administration fees.

12. The Court approves the release of claims by Named Plaintiffs and Class Members as set forth in Section II(E) of the Settlement Agreement and the terms of such releases are incorporated herein by reference.

13. The Court hereby fully and finally dismisses this matter and litigation in its entirety and with prejudice. Neither party to this litigation is or shall be considered a prevailing party.

14. The Court retains continuing jurisdiction to enforce the terms of the Settlement Agreement. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

The Clerk of Court is directed to close the motion at Docket Number 46 and to terminate this case.

**IT IS SO ORDERED.**

Dated:  July 28, 2025

_____
J. PAUL OETKEN
United States District Judge